Teahan, J.
This matter comes before us on appeal under Dist./Mun. Cts. R. A D. A, Rule 8C with a record of the proceedings. It arises out of an action in contract by Alan Steiman’s Landscape, Inc. (“Steiman”) against Lawrence Savings Bank (“the bank”) and relates to an agreement between the parties for Steiman to sand and plow the premises of the bank known as Park 9 West in Shrewsbury. At trial the court found a breach of contract and determined $5,387.50 was owed to Steiman. That amount was trebled to $16,162.50 and prejudgment interest was added on the full amount totaling $2,175.47. The court further found that the bank pressured Steiman to accept a lesser amount and in so doing acted in an “unethical, oppressive and unscrupulous” manner. Appendix, Tab 7, Findings of Fact.
Ihe bank has set forth in its notice of appeal eight issues of law for review. Its brief addresses the firstfive issues. The remaining three, numbers 6,7, and 8 are deemed waived. Dist/Mun. Cts. RAD.A 16(a) (4). The two areas for our review include the issues:
*126 (1) Whether upon the facts of the case multiple damages and attorneys fees under M.G.Lc. 93A were appropriate.
(2) If c. 93A damages were appropriate does prejudgment interest apply to the punitive portion of the damages?
At trial there was evidence that Steiman, a twenty-one year snow plowing and landscape contractor entered into agreement in the summer of 1981 to provide, among other services, snow plowing and sanding at the bank’s property on Turnpike Road in Shrewsbury. By the end of the snow plowing season in April 1992, the bank owed Ste-iman $5,387.50 with no dissatisfaction having been expressed by the bank about the services. In the summer of 1992 in a conversation with Dana Ackers, the bank’s special assets manager, Steiman was told that to get paid the bill would have to be lowered as it was felt Steiman had “over serviced” the bank’s account Steiman was further told “don’t feel bad about it, they’re doing this to all the vendors that work out there on that site, and some guys are settling for less and it’s just the game they’re playing.” (Transcript, page 13). Evidence was presented comparing Steiman’s plowing and sanding at the bank’s site with the town of Shrewsbury’s highway department records of plowing and determined that Steiman had “serviced” the property one third fewer times than Shrewsbury plowed during the relevant period. The bank suggested it would pay a bill for $5,000.00. Steiman finally submitted a compromised bill for that amount No findings of fact were made by the Court
A. WHETHER A FINDING UNDER G.L.c. 93A WAS APPROPRIATE
In the face of defendants assertion that the court was in error in establishing liability under G.Lc. 93A §2 the evidence is reviewed to determine whether the bank acted in violation of an existing contract in a manner intended to cause the non-breaching party to act to its detriment Such a finding establishes a knowing and willful violation of G.Lc. 93A §2 as a matter of law. Anthony’s Pier Four v. H.B.C. Associates, 411 Mass. 451, 474-475 (1991). The court could have reasonably inferred that the bank’s refusal to pay a bill for services until a predetermined amount owed was canceled by the plaintiff was an intentional act, not occasioned by a sincere belief that the plaintiff over serviced the account but intended as a calculated tactic of breach to force unjustified reduction of the bill as a precondition to paying the balance. Without the admission of the bank’s employee that “they’re doing this to all file vendors,” this would be a routine commercial dispute.
The feds before the court justified a finding of a violation under G.Lc. 93A, §2, and the determination of multiple damages was appropriate under §11. The bank with its heel on the plaintiffs fingers effected a reduced bill in the face of owing a larger amount and in so doing its actions were consistent in quality with the feet patterns found to contain an extortionate quality that gives the breach “the randd flavor of unfairness ." Arkansas v. Rosenthal, 33 Mass. App. Ct 219, 226 (1982). Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 825 (1982); Datacomm Interlace, Inc. v. Computerworld, Inc., 396 Mass. 760, 779 (1986); Wang Labs, Inc. v. Business Incentives, Inc., 398 Mass. 854, 857 (1986); Pepsi-Cola Metropolitan Bottling Co. v. Checkers, Inc., 754 F.2d 10, 17-19 (1st Cir. 1985).
B. APPLICABILITY OF PREJUDGMENT INTEREST TO PUNITIVE PORTION OF DAMAGES
Interest on a judgment under G.Lc. 93A is controlled by G.Lc. 231, §6B. When as here the c. 93A compensatory award is multiplied, prejudgment interest under section 6B is limited to the compensatory portion alone. Makino, U.S.A., Inc. v. Metlife Capital Credit Corp., 25 Mass. App. Ct. 302, 320-321 (1988) review denied. 402 Mass. 1101. Interest on this judgment was computed on the award as trebled from February 2,1994 on a judgment dated March 20,1995. That was in error.
We find the argument of the applicability of c. 93A without merit The judgment is to be modified in accordance with Rule 28 of the Dist/Mun. Cts. R. A D. A and pursuant to c. 231, §108, with the clerk of the Westborough Division to enter a new judgment computing prejudgment interest in accordance with this decision.